FILED 14 JUL '11 12:08USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CLARENCE ALLEN JONES,

               Petitioner,        Civil No. 10-697-TC

         v.                  FINDINGS AND
                                      RECOMMENDATION

JOE DeCAMP,

               Respondent.

COFFIN, Magistrate Judge.

Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment of Conviction and Sentence, dated July 7, 1995, from the Multnomah County Circuit Court, after a conviction for Felony Murder. After pleading guilty, petitioner was sentenced to 140 months imprisonment and three years of post-prison supervision. Exhibit 101. The sentencing court amended the judgment on August 20, 1999, reflecting that the proper term of post-prison supervision was

1 - FINDINGS AND RECOMMENDATION

life. Id.

Petitioner did not directly appeal his conviction. He filed a petition for post-conviction relief, Exhibit 107, in the Marion County Circuit Court, but the court dismissed the petition on petitioner's motion. Exhibit 109. On October 31, 2007, petitioner filed a successive petition for post-conviction relief, Exhibit 110, in the Umatilla County Circuit Court, but the court dismissed the petition as time barred and successive. Petitioner filed a petition for habeas corpus relief, Exhibit 117, in the Umatilla County Circuit Court, on April 10, 2007, but the court dismissed the petition on the state's motion. Exhibit 129. Petitioner appealed the dismissals of the post-conviction and habeas corpus petition, which were consolidated. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Exhibits 130 - 134.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 (#2) alleging various grounds for relief. Respondent now moves to dismiss the petition on the ground that it was not filed within the statute of limitations. Response (#21).

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 to provide a limitations period for filing federal habeas corpus petitions. Under amended § 2244(d), a petitioner now has one year from the date a direct

2 - FINDINGS AND RECOMMENDATION

appeal is final to file a federal habeas corpus petition. Time elapsed after finality and before collateral filings, and time after final collateral disposition and before federal filing counts against the year. <u>Nina v. Galaza</u>, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

In this case the judgment of conviction challenged by petitioner is the amendment to his sentence which reflected a change from three years of post-prison supervision to life. That Judgment was entered into the register on August 26, 1999. Exhibit 101. Even though petitioner did not directly appeal his conviction, pursuant to ORS 19.255(1) he had 30 days from the entry of the judgment to do so. Therefore, an additional 30 days should be added to the date of the trial court judgment for purposes of computing the statute of limitations.

Thus, petitioner had one year from September 27, 1999, excluding any time during which a properly filed state post-conviction case, or other collateral remedy, was pending, to file his federal habeas corpus petition.

As noted above, petitioner signed a petition for post-conviction relief (Exhibit 107) on August 11, 2000, but voluntarily dismissed the petition. The judgment granting petitioner's motion to dismiss was issued on May 3, 2001. Petitioner signed a state petition for writ of habeas corpus (Exhibit 117) on April 10, 2007, but the court dismissed the petition on the state's motion (Exhibit 129). Petitioner

3 - FINDINGS AND RECOMMENDATION

signed a successive petition for post-conviction relief on October 31, 2007, but the court dismissed the petition as both time barred and successive.  Exhibit 116.

Petitioner appealed the dismissals of the 2007 post-conviction and habeas proceedings, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  Exhibits 130 - 134.  The appellate judgment issued on May 26, 2010.  Exhibit 134.

Under Pace v. DiGuglielmo, 544 U.S. 408 (2005), neither the 2007 post-conviction petition nor the state habeas corpus petition were properly filed.  Therefore, neither action tolled the federal statute of limitations.

Between May 3, 2001, the date on which the judgment issued in the first post-conviction proceeding, and June 17, 2010, the date on which petitioner filed this proceeding, 3,332 days accrued, which exceeds the 365 days provided under 2244(d).[1]

The AEDPA's limitations period  may be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time.  Rasberry v. Garcia, 448 F.3d 1150 (9th Cir. 2006); Shannon v. Newland, 410 F.3d 1083, 1089-90 (9th Cir. 2005);  Allen v Lewis, 255 F.3d 798, 799 (9th Cir. 2001);  Green v. White, 223 F.3rd 1001, 1003

---

[1]The petition would be untimely even if the time periods during which the state habeas corpus and successive post-conviction proceedings tolled the federal limitations period.  Those actions overlapped and covered the period between April 13, 2007, and May 26, 2010, or 1,139 days.

4 - FINDINGS AND RECOMMENDATION

(9th Cir. 2000); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

In order to establish entitlement to the equitable tolling of a limitations period, the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Furthermore, the petitioner must establish that the extraordinary circumstances actually caused the untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Gaston v. Palmer, 387 F.3d 1004, 1008 (9th Cir. 2004) [the extraordinary circumstances said to justify the equitable tolling must be the "but-for and proximate cause of the untimeliness"].

Equitable tolling is thus "unavailable in most cases," and the threshold for its application is "very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling is invoked only sparingly, and does not toll a statute for "a garden variety claim of excusable neglect." Pace v. DiGuglielmo, supra at 418. Wrongful conduct attributable to respondent is required before equitable conduct can be applied. Shannon v. Newland, supra, at p. 1090.

In this case, petitioner acknowledges that his petition was not timely filed. He argues: "To justify his untimely filing, petitioner states he was not aware of [the August 20,

1999, amendment to his sentence]."  Legal Brief Pro Se (#26) p. 2.

Petitioner has not alleged any "wrongful conduct" on the part of respondent that concealed the amendment to his sentence or any other circumstances beyond his control that prevented him from filing his federal petition within the limitations period.  Accordingly, this court is barred from considering the untimely petition.

Petitioner's Petition (#2) should be denied.  This proceeding should be dismissed.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 14t day of July, 2011.

_____
Thomas M. Coffin
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION